UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL WHITTED,

   Plaintiff,

v.                                               Case No. 3:24cv493-AW-HTC

FLORIDA DEPARTMENT OF CORRECTIONS,
OKALOOSA COUNTY JAIL,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Daniel Whitted, a prisoner proceeding *pro se* and currently incarcerated at the Monroe County Jail in Monroe, Michigan, has filed a handwritten document titled "Formal Complaint," Doc. 1, seeking to have criminal charges brought against the Defendants and "all those involved" and "$10 million" for "irreplaceable brain damage" arising from "illegal experiment[s]" and surgeries performed on him for the purpose of "torturing" and "brainwashing" him. Upon review, the undersigned finds the case should be dismissed *sua sponte* because Plaintiff's claims are wholly nonsensical and utterly frivolous.

   I.    **Background**

Plaintiff sues the Florida Department of Corrections and the Okaloosa County Jail (the "Jail"). The allegations in the complaint are incongruous and include the following:

- An "unknown group or agency, has unlawfully placed Plaintiff into an alleged behavior modification program without legal justification."

- While Plaintiff was at the Jail, he was "gassed through the vents," "sprayed with chemicals from shower plumbing," and suffered from "several altercations."

- Plaintiff has observed several inmates at the Jail monitoring his movements and logging them.

- Plaintiff has knowledge of an illegal surgery being performed on him at Sarasota Memorial Hospital, and he watched officers "crowd up to observe him as he went through the x-ray machine, clearly to view the military surgical implants that were illegally being installed" in his body.

- Plaintiff began hearing voices in his cell; the voices were "taunting" and "humiliating him about his penis size" and "stating they needed him to stay in jail as long as possible so they could experiment."

- Plaintiff's life is in danger "due to illegal experimentation and illegal surgical installments inside his body," including "use of V2K voice [to] skull technology, neuro monitoring devices, and radiation guns and military devices."

- Plaintiff also heard voices as the unknown group "began shocking his ankles" "until screws began dislodging from his ankle." This same group "has planted false evidence in several crime scenes to get the Plaintiff arrested."

- The Jail and "this group authorized by" the Jail were aware of the illegal surgeries.

## II.   Discussion

Under the Prison Litigation Reform Act ("PLRA"), when a prisoner seeks relief from government officials or entities, the Court must "before docketing if

feasible or, in any event, as soon as practicable after docketing" screen the complaint and dismiss the complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B) (requiring similar screening to plaintiffs seeking to proceed *in forma pauperis*).[1]

This screening, "sometimes referred to as a frivolity review," vests district courts "with broad discretion in determining whether to dismiss an action as frivolous or malicious . . . ." *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (addressing frivolity review in *in forma pauperis* proceedings)). A frivolous action under the PLRA is one lacking "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). It includes one that "describ[es] fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Here, Whitted's claims are categorically frivolous; the claims clearly lack arguable basis in law or fact. All the allegations are based on pure delusion and are irrational. Indeed, just earlier this month, the Middle District of Florida, *sua sponte*

---

[1] By failing to pay the filing fee, Whitted has also invoked the screening provisions of § 1915(e)(2)(B). *See Whitted v. Sarasota Memorial Hospital*, 2024 WL 4392784 (M.D. Fla. Oct. 3, 2024).

Case No. 3:24cv493-AW-HTC

at screening, dismissed similar claims Whitted brought alleging illegal experimentation and installation of the "voice [to] skull technology" against the Sarasota Memorial Hospital. *See Whitted v. Sarasota Memorial Hospital*, 2024 WL 4392784 (M.D. Fla. Oct. 3, 2024).[2] Moreover, the Eleventh Circuit has repeatedly affirmed the dismissal of similar complaints regarding the implantation of microchips or other medical experimentation as frivolous. *See, e.g.*, *Gary v. U.S. Government*, 540 F. App'x 916, 916, 918 (11th Cir. 2013) (per curiam) (affirming dismissal of complaint as frivolous because plaintiff's allegations that "high-level government officials . . . implanted microchips into her body that caused tumors and tissue damage" and that the "microchips were used to conduct biomedical research regarding her reproductive system, to track her movements, and to cause her pain" "were irrational and wholly incredible"); *Hogan v. Georgia*, 812 F. App'x 975, 976 (11th Cir. 2020) ("[Plaintiff's] complaint of a vast conspiracy to engage in illegal medical experimentation is patently frivolous. The district court committed no error when it . . . dismissed [Plaintiff's] complaint without granting him leave to amend.").

This action, therefore, should likewise be DISMISSED as frivolous. Also, given the absurdity of Whitted's allegations, any opportunity to amend would be

---

[2] Whitted has also recently filed *two other* "Formal Complaints" containing similar allegations about the implementation of "voice [to] skull" technology. *See Whitted v. Sarasota Memorial Hospital et. al.*, 4:24-cv-12675-FKB-CI, at Doc. 1 (E.D. Mich. Oct. 10, 2024); *Whitted v. Sarasota Memorial Hospital et. al.*, 1:24-cv-01072-RJJ-PJG, at Doc. 1 (W.D. Mich. Oct. 11, 2024).

futile. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed.").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B).

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 16th day of October, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.